## Marcus v. The Redevelopment Authority of the City of Philadelphia

*Joseph Gold*, for plaintiffs.
*Lewis Kates*, for defendant.

HIRSH, J., April 11, 1973.—For purposes of urban renewal, the Philadelphia Redevelopment Authority has condemned a certain tract of land in the Wister-Belfield section, including a small portion of an industrial property owned by Mr. and Mrs. Marcus, who have filed the petition now before the court. Petitioners' entire property, identified by street address as 421-39 E. Ashmead Street, a/k/a 418-24 Bringhurst Street, in-

cludes a factory building containing, it is alleged, machinery and equipment forming an "assembled economic unit." See Singer v. Oil City Redevelopment Authority, 437 Pa. 55 (1970), and cases thereafter. What petitioners seek here is a decree which will enable them to go before the board of view on a claim for a taking by the authority which includes the entire parcel, land and buildings, machinery and equipment, fixtures and for all other elements of damage cognizable under Pennsylvania condemnation law. The narrow question is whether, on the record before this court, we may decree that the authority has, in fact, condemned petitioners' entire parcel by reason of the contents of the declaration of taking.

Petitioners do not claim a de facto condemnation under section 502(e)* for they neither aver that the small portion of ground admittedly taken so adversely affects the use and value of the remainder that it, too, must be treated as condemned, nor that any other action by the condemnor has resulted in a de facto condemnation. In fact, they allege no injury in any respect to this property, but rather that the declaration of taking, by reference to and inclusion of its attached exhibit "B" which lists all street addresses of properties taken, including the aforementioned address of petitioners' property, actually effected a de jure condemnation of the property described by that street address, i.e., their entire parcel. However, an examination of the declaration of taking in its entirety reveals that the exhibit "B" listing of street addresses is for notice and information purposes only. This is so because exhibit "A" of the declaration describes the area taken by reproducing the legal descriptions of the various portions taken, in

---

* Eminent Domain Code of June 22, 1964, P. L. (Special Session) 84, art. V, sec. 502, as amended December 5, 1969, P. L. 316, sec. 1, 26 PS § 1-502(e).

"metes and bounds." True, there is a degree of verbal ambiguity in the declaration papers. The "Notice to Condemnee" states, inter alia, "Identification of your property appears in Exhibit 'B' of the Declaration of Taking." Paragraph 5 of the declaration itself reads: "The area described in Exhibit 'A,' and the properties within the area identified in Exhibit 'B,' attached hereto and made a part hereof, are hereby condemned." Exhibit "B" itself is headed "Identification of Property Condemned." However, a realistic, common-sense reading of the entire declarations makes manifest the function of its several parts. Moreover, when we apply appropriate rules of construction to the documents, all vestige of plausibility in petitioners' argument disappears.

If the declaration of taking is to be regarded as a pleading, the rule is that it is to be considered as a whole: 29 P. L. Encyc. 341 §24. Therefore, the authority's resolution Number 7113, authorizing the taking, is to be considered because it is reproduced in exhibit "A." This resolution explicitly states the authority "selects and appropriates for the purpose of redevelopment," and then follows the aforementioned legal descriptions. There is no dispute as to the portions of ground involved. Having set forth in specific detail the area taken, the rule is that the specific averments are to be given effect over more general averments which are contradictory to the former: Schooley v. Schooley & Co., 355 Pa. 507 (1947), cited in 29 P. L. Encyc. 306 §10.

Rather than a pleading, however, the declaration of taking is closer in form and function to an ordinance, or to a statute, in that it creates changes in rights and obligations existing before its filing, instead of setting forth averments of fact and claims for damage or relief. In this light, rules of construction applicable to

ordinances and statutes again determine against petitioners' position.

It could reasonably be argued that there is no necessity for applying rules of construction, there being no real conflict, contradiction or ambiguity. Exhibit "A" describes the actual ground taken and exhibit "B" simply identifies and gives notice of the various properties affected. But assuming there is a conflict, we may apply by analogy the statutory enactment of the common-law rule that all provisions are to be given effect: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. This provision is equally applicable to ordinances: Fidler v. Zoning Board of Adjustment, 408 Pa. 260 (1962). In the instant matter, if we were to agree with the thrust of the petition, that the entire property is taken, we would then be nullifying that part of exhibit "A" which specifies the boundaries, the limits, to the taking with respect to petitioners' property. But the converse is not true. By preferring the "Exhibit 'A' " interpretation, we do not nullify the part of exhibit "B" which specifies petitioners' property by street address because that property, so identified, *is* affected and, in part, taken by the declaration.

This declaration, in fact, goes farther than is required by the Eminent Domain Code, supra, section 1-402(5), requiring only "A description of the property condemned sufficient for the identification thereof . . ." and "a reference to the place of recording . . . of plans showing the property condemned." In other words, it is the *plans* which delineate the area taken and petitioners' own averments admit that the authority's plans do not include the area sought to be included.

Again analogizing the rules of statutory construction, section 552(2) of the Act of May 28, 1937, supra,

enacts the common-law rule that a presumption exists in favor of the entire statute being effective; the same argument as under section 551 follows. Finally, reference is had to the "particular controls general" provision of the Act of May 28, 1937, supra, sec. 563, 46 PS §563, again following the common-law (emphasized here because we are not, in fact, dealing with a statute or ordinance, but applying analogous common-law rules), which would prefer the specific exhibit "A" description to the more general street address identification.

We have perhaps dealt with this matter at a greater length than absolutely necessary. However, counsel's novel contention merits a detailed treatment of the issue. We must, however, reject the contention.

Therefore, it is accordingly ordered and decreed that the petition to declare the entire premises known and numbered as 421-39 East Ashmead Street, a/k/a 418-24 Bringhurst Street, Philadelphia, Pa., as being condemned by the Redevelopment Authority of the City of Philadelphia by its declaration of taking is dismissed and that just compensation be determined by a board of view consistent with the plan at the Redevelopment Authority.